**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANDRE DISHAY JACKSON,** | § | |
|      **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-08-CA-035-SS** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
|      **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and Respondent's Motion to Dismiss as Time-Barred. Petitioner did not file a response thereto. Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 98th Judicial District Court of Travis County, Texas, in cause

number J-12,949-HC.  After entering a plea of guilty to aggravated kidnaping, Petitioner's sentence

was assessed at 15 years determinate sentence on January 9, 1995.  At the time Petitioner committed

his crime on October 5, 1994, he was a minor.  Petitioner did not appeal his conviction.  Rather, on

March 24, 2006, Petitioner challenged his conviction in a state application for habeas corpus relief.

Ex parte Jackson, Appl. No. 66,910-01 at 14.  On March 14, 2007, his application was dismissed

without written order by the Texas Court of Criminal Appeals.  Id.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    His plea was involuntary because he was mentally incompetent, there was no parental consent and his attorney made his decision for him;

2.    There was insufficient evidence because the victim stated she was robbed at gunpoint rather than abducted;

3.    His attorney was appointed legal guardian despite his mother's presence at the juvenile court hearing; and

4.    His plea bargain was not approved by the Grand Jury.

## II.  DISCUSSION AND ANALYSIS

**A.    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death

Penalty Act of 1996 ["AEDPA"].[1]  The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  That section

provides, in relevant part:

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.      Application

Petitioner's conviction became final prior to the enactment of the AEDPA.  In addition, Petitioner was no longer a minor at the time the AEDPA was enacted.  The Fifth Circuit Court of Appeals has addressed the applicability of the limitations provision to habeas applications filed after the enactment of the AEDPA attacking convictions which became final prior thereto in United States v. Flores, 135 F.3d 1000 (5th Cir. 1998).  The Flores court determined that prisoners must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief.  Id. at 1005.  The Court concluded that petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, to file for relief.  Id. at 1006. The Fifth Circuit joined the Seventh, Ninth, and Tenth Circuits in holding that one year, commencing on April 24,

1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief.  Id.  While the Flores opinion concerned the limitations provision for filing motions pursuant to 28 U.S.C. § 2255, the reasonable time for filing applications for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be the same. Therefore, Petitioner's application, to be timely, would have had to have been filed on or before April 24, 1997.

Petitioner did not execute his federal application for habeas corpus relief until January 7, 2008, long after the expiration of the one-year grace period.  Petitioner's state application for habeas corpus relief did not operate to toll the limitations period, because it was also filed after the expiration of the one-year grace period.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the one-year grace period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of April, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE